

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 22, 2020

John A. Amabile
380 Pleasant Street
Brockton, MA 02301

    Re:    United States v. Alexander Santiago Medina,
             Criminal No. 1:19-CR-10421-DPW(s)

Dear Attorney Amabile:

    The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Alexander Santiago Medina, a/k/a "Flaco" ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

    1.    Change of Plea

    At the earliest practicable date, Defendant will plead guilty to count Two of the Superseding Indictment: Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. § 846. Defendant expressly and unequivocally admits that he committed the crime specified in Count Two of the Superseding Indictment, did so knowingly and intentionally, and is in fact guilty of that offense.

    Defendant agrees to the accuracy of the attached statement of facts.

    2.    Penalties

    Defendant faces the following mandatory minimum and maximum penalties: incarceration for a mandatory minimum of 5 years and up to 40 years; supervised release for a mandatory minimum of 4 years and up to life; a fine of $5,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Superseding Indictment.

    Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Under federal law, a broad range of crimes are removable

1

offenses, including the offenses to which Defendant is pleading guilty. Indeed, because Defendant is pleading guilty to a controlled substances offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is **25**:

   a) Defendant's base offense level is 26, because at least 400 kilograms but less than 700 kilograms of converted drug weight is attributable to him (USSG §2D1.1(c)(7));

   b) Defendant's offense level is increased by 2, because Defendant possessed a firearm (USSG §2D1.1(b)(1)); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3, but in no event less than any applicable mandatory minimum

2

sentence;

b) 48 months of supervised release;

c) a mndatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

d) foreiture as set forth in Paragraph 5.

5. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a. $2,669.00 in United States currency seized from the Defendant on December 5, 2019, in Fall River, Massachusetts.

Defendant admits that these assets are subject to forfeiture on the grounds that they constitute, or are derived from, proceeds of Defendant's offense. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant agrees to assist fully in the forfeiture of the foregoing assets. Defendant agrees to promptly take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. Defendant further agrees (a) not to assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, and (b) to testify truthfully in any such proceeding.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States

Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to $2,669.00 in United States currency, seized by, or turned over to, the Drug Enforcement Administration on or about December 5, 2019, as to which, Defendant hereby acknowledges, Defendant received actual notice of administrative or civil judicial forfeiture proceedings on or about January 27, 2020.

### 6. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 7. Breach of Plea Agreement

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Craig Estes.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
Linda M. Ricci
Chief, Narcotics & Money Laundering Unit
Katherine Ferguson
Deputy Chief, Narcotics & Money Laundering Unit
Leah Foley
Deputy Chief, Narcotics & Money Laundering Unit

_____
Craig E. Estes
Assistant U.S. Attorney

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the mandatory minimum and maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_Alexander Santiago Medina_
Alexander Santiago Medina
Defendant

Date: 10-5-20

I certify that Alexander Santiago Medina has had this Plea Agreement read to him in Defendant's native language and that we have discussed what it means. I believe Alexander Santiago Medina understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_John Amabile_
John A. Amabile
Attorney for Defendant

Date: 10-5-20

6

STATEMENT OF FACTS

Alexander Santiago Medina

United States v. Alexander Santiago Medina

Criminal No. 19-CR-10421-DPW(s)

In conjunction with Paragraph 1 of the letter dated September 22, 2020, between my attorney John A. Amabile, Esq., and the United States Attorney for the District of Massachusetts, setting forth the agreement between myself and the United States Attorney for the above-referenced matter, I agree that I am guilty of the offenses to which I will plead guilty, and I represent that the following facts are true:

From at least February 2019 through December 2019, I was involved in the conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine described in Count Two of the Superseding Indictment. As part of that conspiracy, I agreed with others to knowingly distribute and possess with intent to distribute at least 500 grams of cocaine. In particular, I agree and stipulate that on or about June 17, 2019, co-conspirators and I agreed to distribute two kilograms of cocaine or more. Likewise, I further agree and stipulate that I possessed the firearm and the approximately 40 grams of a mixture and substance contained fentanyl (which I intended to distribute) seized by law enforcement on or about December 5, 2019, from a storage unit that I controlled, and that the firearm was possessed in connection with the drug offense. I stipulate and agree that over the course of the conspiracy, I knowingly agreed to distribute and/or possess with intent to distribute at least two kilograms of cocaine, and that I possessed with the intent to distribute approximately forty grams of fentanyl, and that these amounts were foreseeable to me and are reasonably attributable to me as relevant conduct for purposes of sentencing in this matter.

*Alexander Santiago Medina*
Alexander Santiago Medina
Defendant

Date: 11/15/20